**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PNC BANK, NATIONAL
ASSOCIATION, successor to RBC
BANK (USA),

        Plaintiff,

v.                                          Case No. 6:13-cv-662-Orl-37KRS

KATHY SHEIVE, individually and as
Trustee under that certain land trust
agreement dated May 1, 1997 and
amended by 1st amendment dated
July 14, 1999; RANDY SHEIVE, an
individual; and 1401 BUDINGER
OFFICE CONDOMINIUM
ASSOCIATION, INC., a Florida not-for-
profit corporation,

        Defendants.

**ORDER**

This cause is before the Court on Plaintiff and the Sheive Trust's[1] Amended Joint Stipulation for Entry of Agreed Payment Order (Doc. 32), filed July 17, 2013.

Plaintiff is the mortgage holder on three commercial real estate properties—1401 Budinger, 2486 Smith, and 1525 Budinger. (Doc. 12, ¶ 23.) Plaintiff alleges that the Sheive Trust, which is the Borrower on each of the loans, defaulted on the mortgages. (*Id.* ¶¶ 57–61, 124–29, 191–96.) Plaintiff brought this suit to foreclose on the properties.[2] (*Id.* ¶¶ 70–77, 143–48, 210–17.)

---

[1] Kathy Sheive is sued both individually and in her capacity as Trustee of the land trust that is the Borrower on the loans. The Court refers to Kathy Sheive in her capacity as Trustee as the "Sheive Trust" and in her individual capacity as "Kathy Sheive." (*See* Doc. 12, p. 1 n.1.)

[2] Plaintiff seeks to foreclose on the mortgages, leases and rents, and security

Plaintiff filed a motion asking this Court to order Defendants to show cause why they should not be forced either to make mortgage payments or to vacate the subject premises. (Doc. 13.) The Court granted that motion and set a hearing. (Doc. 14.) Counsel for Plaintiff, the Shieve Trust, Kathy Shieve, and Randy Shieve appeared at the July 12, 2013 hearing and informed the Court that they had come to an agreement regarding payments. (Doc. 30.)

Pursuant to Florida Statutes § 702.10(2), Plaintiff and the Shieve Trust jointly stipulated to an order requiring the Sheive Trust to make mortgage payments to Plaintiff during the pendency of the foreclosure action. (Doc. 32.) Having reviewed the stipulation, it is hereby **ORDERED AND ADJUDGED**:

1. Pursuant to Florida Statutes § 702.10(2), the Sheive Trust is **ORDERED** to make mortgage payments to Plaintiff during the pendency of this foreclosure action in such amounts and at such intervals as are provided for in the promissory notes and other loan documents of the loans described in Plaintiff's Verified Amended Complaint (Doc. 12), specifically pursuant to:

    a. The 1401 Budinger loan promissory note dated January 24, 2007 (Doc. 12-21), as modified by the Change in Terms Agreements (Docs. 12-24, 12-25, 12-26, 12-27);

    b. The 2468 Smith loan promissory note dated January 24, 2007 (Doc. 12-31), as modified by the Change in Terms Agreements (Docs. 12-37, 12-38, 12-39, 12-40); and

---

interests in personal property. (Doc. 12.) Plaintiff also brings claims for breach of loan documents, breach of guaranties, and reformation of mortgages in relation to the three subject properties, as well as claims related to a separate bank stock loan. (*Id.*)

    c.    The 1525 Budinger loan promissory note dated January 24, 2007 (Doc. 12-43), as modified by the Change in Terms Agreements (Docs. 12-49, 12-50, 12-51, 12-52).

2. The obligation to make mortgage payments pursuant to this Order is deemed to have commenced on May 14, 2013, the date upon which Plaintiff filed the Renewed Motion for Order to Show Cause (or for Hearing Time) on Why an Order to Make Mortgage Payments or to Vacate the Premises Should Not Be Entered (Doc. 13).

3. On or before August 8, 2013, the Sheive Trust is **DIRECTED** to pay the sum of $14,400.00 to Plaintiff for the mortgage payments for June, July, and August 2013.[3] Beginning September 1, 2013, and thereafter on or before the first day of each month during the pendency of this foreclosure action or until otherwise directed by the Court, the Sheive Trust is **DIRECTED** to pay Plaintiff the sum of $4,800.00.

    a.    Plaintiff and the Sheive Trust stipulate that the amount of $4,800.00 is the sum of the principal payments due prior to the maturity date under the 1401 Budinger ($1,500.00), 2468 Smith ($900.00), and 1525 Budinger ($2,400.00) loan documents.

    b.    Mortgage payments shall be made payable to Plaintiff and sent to:

PNC Bank, National Association
Attn: Dustin Pike
201 E. Pine Street, Suite 100
Orlando, Florida 32801

---

[3] To ensure conformity with § 702.10(2)(e), which provides that the Court's order shall be served upon the mortgagor no later than twenty days before the date specified for the first payment, the Court has modified the payment dates from those to which Plaintiff and the Shieve Trust stipulated. (*See* Doc. 32-1, ¶ 4.)

Ref.: Sheive Trust

4. Interest due and owing on the 1401 Budinger, 2468 Smith, and 1525 Budinger loans shall accrue pursuant to the respective loan documents and as more fully explained and set forth in Plaintiff's Verified Amended Complaint (Doc. 12). Plaintiff may petition the Court to modify this Order to provide that the Sheive Trust be required to pay interest in addition to the principal.

5. Plaintiff and the Sheive Trust's stipulation to the entry of this Order requiring that only payments toward the principal be made during the pendency of this foreclosure action shall not be: (1) deemed to be a waiver, novation, or other concession by Plaintiff; (2) available to the Sheive Trust or any other Defendant as a defense to Plaintiff's recovery of past-due accrued interest at the time that final judgment is sought or entered; or (3) deemed to be a waiver of any Defendant's rights or defenses raised in the Answer and Affirmative Defenses (Doc. 25).

6. All amounts paid to Plaintiff pursuant to this Order shall be credited against the mortgage obligations in accordance with the terms of the 1401 Budinger, 2468 Smith, and 1525 Budinger loan documents, but shall not constitute a cure of any default or a waiver or any other defense to the mortgage foreclosure action.

7. If the Sheive Trust fails to remit payments in compliance with this Order, the Plaintiff may file an affidavit informing the Court. The Sheive Trust shall vacate the premises within thirty (30) days of the filing of such an affidavit, at which time Plaintiff shall be entitled to possession of the real

and personal property which is the subject of this action.

8. During the pendency of this foreclosure action, the Court retains jurisdiction to enforce the terms of this Order, to modify this Order to provide for principal and interest payments due under the respective loans, and to order other methods of enforcement in the event of default.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 18, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record